**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL D. SMITH,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BUREAU OF PRISONS, et al.,<br><br>　　　　　　　Defendants. | Civil Action No. 23-20593 (KMW) (SAK)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1.) Because Plaintiff was granted *in forma pauperis* status in this matter, this Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed in its entirety and Plaintiff's motion seeking the appointment of counsel (ECF No. 6) shall be denied.

**I.　BACKGROUND**

Plaintiff is a federal prisoner currently confined in FCI Fairton. (ECF No. 1 at 1-2.) According to his complaint, Plaintiff, who suffers from "severe opioid use disorder," was placed in the prison's MAT program, which provided medication to aid prisoners with substance dependency symptoms. (*Id.*) After several weeks in the program, the prison warden terminated it, ending the provision of the treating substances to a number of inmates including Plaintiff. (*Id.*)

As a result, Plaintiff lost access to the medication which was helping him with his substance abuse disorder, and Plaintiff later failed a drug test, which he alleges was because of the medication he had been prescribed as part of the MAT program, which resulted in the loss of a number of good time credits. (*Id.*) Plaintiff therefore seeks to sue the Bureau of Prisons and Warden of FCI Fairton for terminating the program. (*Id.*)

II. **LEGAL STANDARD**

Because Plaintiff has been granted *in forma pauperis* status, this Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]'

devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.   DISCUSSION

In his complaint, Plaintiff seeks to bring suit against the Bureau of Prisons and the Warden of FCI Fairton based on the termination of the MAT program and Plaintiff's loss of access to medical treatment for his substance abuse issues. As Plaintiff's claims revolve around the loss of access to medication, Plaintiff is essentially seeking to raise a claim against Defendants for their alleged deliberate indifference to his medical needs. To plead such a claim, a Plaintiff must plead facts which would show that the named Defendants were deliberately indifferent to his medical needs. *See, e.g., Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). This requires that the Plaintiff plead facts which indicate both that he had a sufficiently serious medical need, and that the defendants engaged in actions or omissions which indicate they were deliberately indifferent to that serious need. *Id.* A medical need is sufficiently serious where it "has been diagnosed as requiring treatment or [is a need that] is so obvious that a lay person would

3

easily recognize the necessity of a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), *cert denied*, 486 U.S. 1006 (1988). A defendant's actions or omissions will in turn amount to deliberate indifference where the defendant "knows of and disregards an excessive risk to inmate health or safety." *Natale*, 318 F.3d at 582 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

In his complaint, Plaintiff pleads a sufficient medical need for treatment – his substance abuse disorder – but fails to plead any facts indicating that the warden or Bureau were in any way aware of any of Plaintiff's medical needs arising out of that need. Indeed, it appears from the facts in Plaintiff's complaint that the program was shut down for reasons entirely apart from any medical issues with Plaintiff's treatment – instead it appears from Plaintiff's complaint that the program was terminated because of issues with the clinical director. (*See* ECF No. 1 at 2.) As such, Plaintiff has failed to plead facts showing that the Warden, on whom Plaintiff places responsibility for the closing of the MAT program, was deliberately indifferent to Plaintiff's medical needs, and he therefore fails to state a plausible claim for relief. Plaintiff's deliberate indifference claim is therefore dismissed without prejudice. Even had Plaintiff pled a plausible claim for relief, Plaintiff's claims against the BOP itself would still be subject to dismissal as the BOP is immune from suit in a civil rights matter. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (federal agencies entitled to sovereign immunity from suit in a civil rights matter). Plaintiff's claims against the Bureau are therefore dismissed with prejudice.

In his complaint, Plaintiff briefly also mentions that he was subjected to disciplinary infractions, including the loss of good time credits towards early release, as a result of a drug test which Plaintiff failed, allegedly as a result of medication he received while in the MAT program. It is not entirely clear that Plaintiff wishes to raise a separate claim for relief based on this issue, but to the extent Plaintiff did intend to raise a claim for a denial of Due Process related to this

disciplinary infraction, Plaintiff is barred from doing so unless and until he has the sanction of loss of good time credits overturned. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("a . . . prisoner's [civil rights] action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal [disciplinary] proceedings) – *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration" such as through loss of good time credits). Any claim Plaintiff wished to raise based on the disciplinary infraction is therefore dismissed without prejudice at this time.

Finally, the Court notes that Plaintiff has requested the appointment of counsel in this matter. (*See* ECF Nos. 6-7.) Although civil plaintiffs have no right to the appointment of counsel in civil rights matters, this Court has wide discretion to appoint counsel where the Court finds that the appointment of counsel is warranted. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002); *see also Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). In determining whether the appointment of counsel is warranted, this Court must first determine whether the plaintiff is indigent and whether his claims have merit. *Tabron*, 6 F.3d at 155-57; *Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011). Where an indigent plaintiff presents meritorious claims, the Court then must weigh various factors to determine whether the appointment of counsel is warranted. *Tabron*, 6 F.3d at 155-57; *Cuevas*, 422 F. App'x at 144-45. As all of Plaintiff's current claims shall be dismissed, Plaintiff has failed to show that his claims are of sufficient merit to warrant the appointment of counsel. Therefore, Plaintiff's motion seeking the appointment of counsel (ECF No. 6) is denied without prejudice.

## IV.  CONCLUSION

For the reasons expressed above, Plaintiff's claims against the Bureau of Prisons are **DISMISSED WITH PREJUDICE**, all of Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE**; and Plaintiff's motion seeking appointed counsel (ECF No. 6) is **DENIED WITHOUT PREJUDICE**.  Plaintiff is granted leave to file an amended complaint within thirty days.  An order consistent with this Opinion will be entered.

*/s/ Karen Williams*

Hon. Karen M. Williams,
United States District Judge